UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>         Plaintiff,<br><br>  vs.<br><br>UNKNOWN,<br><br>         Defendant. | Case No.: 3:19-cv-01951-LAB-AHG<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at San Quentin State Prison and allegedly serving a 32–year sentence imposed by the Alameda County Superior Court, has filed a civil action entitled "In re: Steven Wayne Bonilla Being Declared a Vexatious Litigant." *See* ECF No. 1 at 1–2, 13.

  Bonilla's complaint names no Defendants, but it appears he seeks to challenge the constitutional validity of both state and federal statutes under which he has previously been declared vexatious. *Id.* at 1, 4–5. Bonilla simultaneously attempts to invoke federal

1

jurisdiction pursuant to a criminal statute, 18 U.S.C. § 04, based on alleged acts of "fraud committed on the court." *Id.* at 5.[1]

Bonilla has not prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4), followed by as a separate miscellaneous document entitled "Response to Court Ruling." *See* ECF No. 3.[2]

**I.     Motion to Proceed IFP**

   A.     <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.* Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

---

[1] 18 U.S.C. § 4 provides that "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." But Plaintiff clearly may not employ a civil action as the means of bringing federal criminal charges against anyone. *See Greenlaw v. United States*, 554 U.S. 237, 246 (2008) ("'[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'") quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims brought under 18 U.S.C. §§ 241 and 242 "because these are criminal statutes that do not give rise to civil liability.") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)).

[2] In this document, Bonilla seeks to "respon[d] to the court's many rulings" regarding a "federal grand jury subpoena" that some other judges have refused to recognize "never existed." *See* ECF No. 3. But this Court has yet to issue any such rulings.

2

3:19-cv-01951-LAB-AHG

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-

52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

As a required preliminary matter, the Court has reviewed Bonilla's pleading, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Bonilla seeks to challenge the validity of 28 U.S.C. § 1915(g) and Cal. Code of Civil Procedure 391, California's vexatious litigant statute, on First Amendment grounds. *See* Compl., at 1–2, 4–5. However, both statutes have withstood such constitutional scrutiny. *See e.g., Rodriguez v. Cook*, 169 F.3d 1176, 1179, 1181 (9th Cir. 1999) (concluding that § 1915(g) does not violate due process, equal protection, the separation of powers or, where a fundamental interest is not at stake, the right to access the courts); *White v. Colorado*, 157 F.3d 1226, 1232–1233 (10th Cir. 1998) (no violation of right to access courts because § 1915(g) does not prevent a prisoner with three strikes from filing civil actions, it merely prohibits him from enjoying IFP status, which is a privilege, not a right); *Rivera v. Allin*, 144 F.3d 719, 723–24 (11th Cir. 1998) (no violation of right to access the courts), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (no violation of due process because § 1915(g) only denies IFP status, it does not prohibit prisoners from filing lawsuits); *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007) (recognizing a "long line of California decisions" upholding the constitutionality of Cal. Code Civ. Proc. § 391's vexatious litigant statutory scheme on First and Fourteenth Amendment grounds and "see[ing] no reason to disagree with them.").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Based on the records and court proceedings available on PACER, this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 1200027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

Accordingly, because Bonilla has, while incarcerated, accumulated far more than three "strikes" pursuant to § 1915(g), and he fails to make any "plausible allegation" that

he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 4) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: December 12, 2019

Hon. Larry Alan Burns
Chief United States District Judge